UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60022-CIV-ZLOCH

LOUISSAINT INNOCENT, on his
own behalf and others
similarly situated, and
CLOTIS EVARIS,                              **O R D E R**

      Plaintiffs,

vs.

RUSSO PIZZA TIME, INC.,

      Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Louissaint Innocent and Clotis Evaris's Motion For Status Conference And For Extension Of Time (DE 11). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff Louissaint Innocent initiated the above-styled cause with the filing of his Complaint (DE 1) to recover unpaid wages pursuant to the Fair Labor Standards Act of 1930, 29 U.S.C. §§ 201, et seq. (2006) (hereinafter the "FLSA"). Plaintiff Clotis Evaris thereafter joined as a named party-Plaintiff. DE 10. By prior Order (DE 9), the Court entered default against Defendant Russo Pizza Time, Inc. for its failure to file a response to Plaintiffs' Complaint within the time prescribed by law. In said Order, the Court directed Plaintiff Louissaint Innocent to file a Motion For Final Judgment By Default by noon on April 11, 2008. Having filed no such Motion, Plaintiffs filed the instant Motion

(DE 11) seeking an enlargement of time to do so.

In the instant Motion, Plaintiff, through his counsel, seeks two things.  First, he seeks additional time to file his Motion For Default Final Judgment.  This request is based on the fact that Plaintiffs' counsel is unable to obtain affidavits from Plaintiff in order to file the Motion.  Second, the instant Motion seeks a status conference before the Court, because "[Plaintiff Innocent] instructed his counsel to withdraw his claim."  DE 11, p. 1.  Thus, Plaintiff's counsel requests a status conference so that the Court may satisfy itself "for what reason Plaintiff is simply foregoing the thousands of dollars in damages due."  Id. p. 2.

In support of his request for a status conference, Plaintiff's counsel makes several allegations of misconduct against Defendant, and these allegations must be taken very seriously.  However, the Court is being asked to insert itself into the relations between Plaintiff Innocent and his counsel, and to question Plaintiff Innocent's apparent decision to voluntary dismiss this action.  The Court respectfully declines the invitation.

A party may not bargain away his rights under the FLSA absent supervision of the Department of Labor or approval of the Court.  Lynn's Food Stores v. United States, 679, F.2d 1350, 1355 (11th Cir. 1982).  However, whether Plaintiff Innocent is at this time attempting to settle his claims against Russo is of no moment.

2

Whether such a settlement is valid will be ripe for review if and when Plaintiff Innocent decides to file suit against Defendant again. In that later action the Parties can, and no doubt will, litigate the validity of their purported settlement. While the outlook for Defendant is bleak in such a case, it is not the Court's responsibility to question Plaintiff's decision to terminate the instant action for reasons that are agreeable to him, though opposed by his attorney.

The Court notes that Plaintiff may, at any time before appearance by Defendant, dismiss this action without order of the Court by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). Counsel's contrary direction to Plaintiff, DE 11, p. 2, borders closely on dishonesty.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Louissaint Innocent and Clotis Evaris's Motion For Status Conference And For Extension Of Time (DE 11) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   7th     day of May, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record